[No. A114337. First Dist., Div. Five. July 11, 2007.]

JOHN BRITTON et al., Plaintiffs and Appellants, v.
DALLAS AIRMOTIVE, INC., et al., Defendants and Respondents;
XL SPECIALTY INSURANCE COMPANY, Intervener and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

_____

\*Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II.

128

## COUNSEL

O'Reilly & Danko, Terry O'Reilly, Gary L. Simms and Stephen J. Purtill for Plaintiffs and Appellants.

Dykema Gossett and K. Lynn Finateri for Defendant and Respondent Rolls Royce Corporation.

Nixon Peabody, Paul E. Stinson and Raymond Mariani for Defendant and Respondent Dallas Airmotive, Inc.

Coddington, Hicks & Danforth and Richard G. Grotch for Defendant and Respondent Rocky Mountain Holdings.

## OPINION

**GEMELLO, J.**—This lawsuit involves a helicopter crash in Idaho. Plaintiffs appeal from a trial court order staying the action in favor of litigation in Idaho on the ground of forum non conveniens. In the published portion of this opinion, we conclude that the motion to stay the action was timely under Code of Civil Procedure section 410.30,[1] even though it was brought a year after most defendants answered the complaint. We affirm the trial court order staying the action.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff John Britton was piloting a helicopter in August 2003 during a firefighting operation near Webb, Idaho. The helicopter engine failed shortly after filling a firefighting bucket, resulting in a "hard landing" which seriously injured Britton and substantially damaged the helicopter.

Plaintiffs are the pilot Britton; his wife Lorinda Britton; Silverhawk Aviation LLC, owner of the helicopter; and David Currie, president of Silverhawk. In December 2004, plaintiffs brought suit in Alameda County Superior Court against Rolls Royce Engine Services Oakland, Inc. (Rolls Royce Oakland), which serviced the engine in 1993; Dallas Airmotive, Inc. (Dallas), which serviced the engine in 1998; and Rolls Royce Corporation (Rolls Royce), which, through a predecessor company, manufactured the engine. The insurer of the helicopter, XL Specialty Insurance Company, intervened as a plaintiff.

In January 2005, defendant Rolls Royce Oakland moved under sections 418.10 and 410.30 to stay or dismiss the action on the ground of forum non conveniens. Defendants Dallas and Rolls Royce filed a joinder to the motion. The trial court concluded that Rolls Royce Oakland had not met its burden because it had "submitted little, if any, evidence that Idaho is a suitable place for trial, no evidence showing who will be the most significant witnesses in this action, where they are located, or that Idaho is a more convenient forum for obtaining their testimony. Finally, and perhaps most importantly, [Rolls Royce Oakland] has essentially eschewed all discussion of the public interest factors." The motion was denied without prejudice. At the hearing on the motion, defendants indicated their intent to renew the motion under section 410.30.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Dallas then removed the suit to federal court, and Dallas, Rolls Royce Oakland, and Rolls Royce answered the complaint in March 2005. In June 2005, the federal court remanded the action back to the Alameda County Superior Court. (*Britton v. Rolls Royce Engine Services* (N.D.Cal. 2005) 2005 U.S.Dist. Lexis 13259.)

Plaintiffs named Rocky Mountain Holdings, LLC (Rocky Mountain), as an additional defendant; Rocky Mountain answered in December 2005.

In February 2006, the trial court granted an unopposed motion for summary judgment filed by Rolls Royce Oakland. The court held that "[t]here is no triable issue of material fact that [Rolls Royce Oakland] had any connection with the engine components that failed at the time of the subject incident because the cause of engine failure did not implicate any engine component connected with [Rolls Royce Oakland]."

In late February 2006, defendant Dallas renewed the motion to stay or dismiss the action on the ground of forum non conveniens and Rolls Royce and Rocky Mountain filed joinders. Another judge of the superior court stayed the action "pending initiation and conclusion of litigation in the Idaho court."

DISCUSSION

I. *Timeliness of the Renewed Forum Non Conveniens Motion*

Plaintiffs contend that the renewed forum non conveniens motion was untimely under section 418.10. We disagree.

Statutory construction is a question of law we decide de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. (§ 1859.) We begin by examining the statutory language, giving the words their usual, ordinary meanings and giving each word and phrase significance. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible.

[Citation.] . . . An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Estate of Griswold* (2001) 25 Cal.4th 904, 911 [108 Cal.Rptr.2d 165, 24 P.3d 1191].)

The first of the two relevant statutes, section 418.10, subdivision (a) provides that "[a] defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion . . . (2) To stay or dismiss the action on the ground of inconvenient forum." Section 418.10, subdivision (e)(3) further provides that "[f]ailure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of lack of personal jurisdiction, inadequacy of process, inadequacy of service of process, inconvenient forum, and delay in prosecution." The second of the two statutes, section 410.30 provides, "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just. [¶] (b) The provisions of Section 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance."

The initial motion was filed within the time allowed under section 418.10, subdivision (a). The renewed motion was filed almost a year after most defendants answered. In granting the renewed motion, the trial court relied on its authority under section 410.30 to consider the convenience of the forum on its own motion.[2] The plain language of section 410.30 authorized the trial court to consider whether to stay the action on the ground of forum non conveniens. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 749–750 [1 Cal.Rptr.2d 556, 819 P.2d 14] (*Stangvik*).)

Plaintiffs contend that the trial court lacked authority to raise the forum non conveniens issue, even on its own motion, because the issue was waived by defendants. Specifically, plaintiffs argue that under section 418.10,

---

[2] The trial court specified that it was considering the issue on its own merits in response to plaintiffs' contention that the renewed motion was not a proper motion for reconsideration under section 1008.

subdivision (a), defendants could only move to dismiss on the ground of forum non conveniens before expiration of their time to file a responsive pleading and that the issue was waived under section 418.10, subdivision (e)(3). Plaintiffs' argument is unavailing. Section 418.10, subdivision (e)(3), the only provision expressly providing for waiver, does not provide for waiver where a defendant fails to file a motion on forum non conveniens grounds before filing an answer. Rather, it provides for waiver only where a defendant fails to move on forum non conveniens grounds "at the time of filing a demurrer or motion to strike." (§ 418.10, subd. (e)(3).) On its face, the provision is inapplicable because defendants never filed a demurrer or motion to strike.

Neither did defendants waive the issue under section 418.10, subdivision (a). First, defendants Dallas and Rolls Royce *did* file a forum non conveniens motion within the time specified in subdivision (a). Plaintiffs do not explain why the trial court was powerless to reconsider the issue, which was properly raised at the outset of the litigation. Second, the narrow scope and express nature of the section 418.10, subdivision (e)(3) waiver provision suggest that a defendant does not waive the forum non conveniens issue by failing to file a forum non conveniens motion under subdivision (a). It would be unreasonable to conclude that, on the one hand, the Legislature expressly provided for waiver in the narrow circumstances specified in subdivision (e)(3) but, on the other hand, implicitly provided for waiver anytime a motion is not filed within the time for filing a responsive pleading, as authorized by section 418.10, subdivision (a).

■ Further, plaintiffs' interpretation of section 418.10, subdivision (a) is contrary to section 410.30, subdivision (b), which provides that "[t]he provisions of Section 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance." Under subdivision (b), a defendant who has generally appeared may make a forum non conveniens motion at any time, not only on or before the last day to plead. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 369, p. 967; see also *Review of Selected 1972 California Legislation*, 4 Pacific L.J. (1973) pp. 305–306.)

Plaintiffs contend that this interpretation of section 410.30, subdivision (b) nullifies the waiver language in section 418.10, subdivision (e)(3). But we do not read section 410.30, subdivision (b) to mean that a defendant who has waived the forum non conveniens issue under section 418.10,

subdivision (e)(3) may later bring a motion under section 410.30, subdivision (a). If the issue has been waived under the express language of section 418.10, subdivision (e)(3), then the defendant may not raise it at any point in the litigation. Section 410.30, subdivision (b) does not purport to allow a party to raise issues waived at the outset of the litigation, and its general language does not contradict the subsequently enacted and specific waiver provision in section 418.10. (Stats. 1972, ch. 601, § 1, p. 1064, enacting § 410.30, subd. (b); Stats. 2002, ch. 69, § 1, enacting § 418.10, subd. (e)(3).) " 'It is a settled rule of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute.' " (*Branciforte Heights, LLC v. City of Santa Cruz* (2006) 138 Cal.App.4th 914, 924 [42 Cal.Rptr.3d 96], citing *Lacy v. Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472 [119 Cal.Rptr. 1, 530 P.2d 1377].)[3]

Plaintiffs argue that subdivision (b) of section 410.30 can be interpreted to mean that a forum non conveniens motion can no longer be made after a general appearance, and that section 418.10 provides the sole statutory procedure for the motion. But that interpretation disregards the fact that subdivision (a) of section 410.30 expressly authorizes forum non conveniens motions. (*Stangvik, supra,* 54 Cal.3d at pp. 749–750.) If forum non conveniens motions may only be brought under section 418.10, then the separate authorization of such motions in section 410.30 is superfluous. Plaintiffs' construction renders section 410.30 " 'redundant and a nullity, thereby violating one of the most elementary principles of statutory construction.' " (*White v. Davis* (2002) 108 Cal.App.4th 197, 216 [133 Cal.Rptr.2d 691], quoting *Cal Pacific Collections, Inc. v. Powers* (1969) 70 Cal.2d 135, 139 [74 Cal.Rptr. 289, 449 P.2d 225].)

Accordingly, we construe the provisions of sections 418.10 and 410.30, both relating to forum non conveniens motions, in harmony. Read together, they provide that where a defendant has not appeared, section 418.10 applies and specifies the procedure for bringing a forum non conveniens motion. Section 410.30 applies after a defendant has appeared. So understood, section 418.10 provides special procedures for preanswer forum non conveniens motions,[4] but such motions are not precluded after a defendant

---

[3] Our independent review of the legislative histories of section 410.30, subdivision (b) and section 418.10, subdivision (e)(3) provided no clear guidance on the issues before us. (See *J.A. Jones Construction Co. v. Superior Court* (1994) 27 Cal.App.4th 1568, 1578–1579 [33 Cal.Rptr.2d 206].)

[4] For example, filing of a motion under section 418.10 extends the defendant's time to plead until 15 days after notice of entry of an order denying the motion, and a defendant may petition for a writ of mandate if the trial court denies the motion. (§ 418.10, subds. (b) & (c).)

has appeared.[5] This is a reasonable rule because it may be necessary to conduct discovery to develop the factual underpinnings of a forum non conveniens motion. (See, e.g., *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1460–1462 [51 Cal.Rptr.3d 301].) Further, to retain a case for the entire duration of the litigation because the lack of connection to California was unclear at the outset would impair the state's interest in avoiding burdening courts and potential jurors with litigation in which the local community has little concern. (*Stangvik, supra*, 54 Cal.3d at p. 751.)[6]

Here, the trial court had authority to consider the forum non conveniens motion in March 2006. We hasten to add that our interpretation of sections 418.10 and 410.30 does not mean that defendants can unreasonably delay bringing forum non conveniens motions with impunity; any delay would be relevant to whether the motion should be granted. (See *Roulier v. Cannondale, supra*, 101 Cal.App.4th at p. 1191; *Lony v. E.I. Du Pont de Nemours & Co.* (3d Cir. 1991) 935 F.2d 604, 614.)

II. *Abuse of Discretion**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[5] In support of their construction, at oral argument plaintiffs pointed out that the Judicial Council comment to section 410.30 states, "The procedure for making a motion to stay or dismiss an action under this section is stated in Section 418.10." (Judicial Council of Cal., Ann. Rep. (1969) appen. III, p. 96.) We agree that section 418.10 specifies the procedure for bringing a forum non conveniens motion *where the defendant has not appeared.* The Judicial Council comment does not state that the issue may not be raised or renewed after the defendant appears. The plain language of sections 410.30 and 418.10 does not support such a conclusion. Notably, the Judicial Council comment predates the enactment of section 410.30, subdivision (b), which provides that section 418.10 is inapplicable to a motion by a defendant who has generally appeared. (Stats. 1972, ch. 601, § 1, p. 1064, enacting § 410.30, subd. (b).) The comment also predates the enactment of section 418.10, subdivision (e)(3), which provides for waiver only where a defendant fails to move on forum non conveniens grounds at the time of filing a demurrer or motion to strike. (See Stats. 2002, ch. 69, § 1, enacting § 418.10, subd. (e)(3).)

[6] Some courts have assumed the propriety of forum non conveniens motions filed after a defendant has appeared, without considering the statutory construction issues addressed herein. (See, e.g., *Morris v. AGFA Corp., supra,* 144 Cal.App.4th at pp. 1460–1461; *Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1184–1185 [124 Cal.Rptr.2d 877].)

*See footnote, *ante*, page 127.

## Disposition

The trial court order staying the action is affirmed.

Jones, P. J., and Needham, J., concurred.