[No. G046769. Fourth Dist., Div. Three. Dec. 3, 2012.]

DELBERT WILLIAMSON et al., Plaintiffs and Appellants, v. MAZDA MOTOR OF AMERICA, INC., et al., Defendants and Respondents.

COUNSEL

Law Offices of Martin N. Buchanan, Martin N. Buchanan; Girardi & Keese and David R. Lira for Plaintiffs and Appellants.

Bowman and Brooke, Brian Takahashi, Robert S. Robinson, David R. Kelly and Nathan J. Marcusen for Defendants and Respondents.

OPINION

**RYLAARSDAM, Acting P. J.**—A judge denied a motion to stay or dismiss on the ground of forum non conveniens a product liability action by plaintiffs Delbert Williamson, Alexa Williamson, through Delbert as her guardian ad litem, and the estate of Thanh Williamson. (Code Civ. Proc., § 410.30, subd. (a); all further statutory references are to this code.) Later, a second judge granted a renewed motion for the same relief and stayed this case pending the initiation of an action in Utah.

Plaintiffs appeal from the latter ruling. They contend (1) the second judge erred by reconsidering the forum non conveniens ruling without finding the earlier order erroneous based solely on the evidence submitted in support of the original motion and (2) even if the second judge could reconsider the issue, she abused her discretion in granting the motion absent a change of circumstances. We disagree with both arguments and affirm the order. In addition, we grant defendants' request for judicial notice concerning a newspaper article acknowledging the first judge's retirement.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs are residents of Utah. Defendant Mazda Motor of America, Inc., is a California corporation with its principal place of business in Irvine, while defendant Mazda Motor Corporation is a Japanese corporation with its principal place of business in Japan. In 2002, while riding in a minivan manufactured and distributed by defendants, plaintiffs and Thanh Williamson were involved in an automobile collision in Utah. While plaintiffs survived the crash, Thanh Williamson died as a result of injuries she suffered in the accident.

Plaintiffs filed suit against defendants in Orange County Superior Court in June 2004. In part, their complaint alleged Delbert and Alexa Williamson occupied seats equipped with three-prong shoulder belts, while Thanh Williamson was in a rear seat equipped with only a two-prong lapbelt when

the accident occurred. Plaintiffs claimed defendants' vehicle was defective because of the lack of a shoulder belt for the seat used by Thanh Williamson.

The case was originally assigned to Judge Michael Brenner. Defendant Mazda Motor Corporation moved to dismiss or stay the action based on forum non conveniens. Defendant Mazda Motor of America, Inc., joined in this motion. They presented evidence that plaintiffs were Utah residents, the minivan was licensed in that state, the accident occurred there, and many of the witnesses were Utah residents who were unwilling to voluntarily travel to California to testify. Judge Brenner denied the motion. He found the minivan was now located in California, counsel for all parties were in this state, and since "the real crux of this case" would be a "battle of the experts" over the vehicle's design and manufacture, California was a convenient forum for the parties' experts.

Subsequently, the trial court dismissed the action on an unrelated federal preemption defense. The United States Supreme Court ultimately reversed this ruling. (*Williamson v. Mazda Motor of America, Inc.* (2011) 562 U.S. ___, ___– ___ [179 L.Ed.2d 75, 131 S.Ct. 1131, 1134–1135].)

After remand, the case was assigned to Judge Linda S. Marks. Defendants moved for reconsideration of the forum non conveniens ruling. In part, they argued that even absent grounds for reconsideration of the prior order under section 1008, Judge Marks could rule on the renewed motion under section 410.30. Defendants resubmitted the evidence presented in support of the original motion plus new documentation. They claimed there was evidence "Thanh Williamson disregarded . . . warnings [concerning proper use of a two-prong seatbelt] on the day of the crash" which "contributed to cause her fatal injuries," and "[r]egardless of what the experts say, the nonparty fact witnesses have vital information relevant to the jury's determination of causation, comparative fault, product misuse, and other substantive issues . . . ." Plaintiffs opposed the renewed motion, citing section 1008 and arguing there were no new facts, circumstances, or law warranting reconsideration of the forum non conveniens issue. They also claimed that even if Judge Marks could reconsider the issue, the motion should be denied again on its merits.

Judge Marks granted the motion. She cited several grounds for her authority to consider the renewed motion, including section 410.30. On the merits, Judge Marks found that, while it had initially appeared this case primarily concerned vehicle design and crashworthiness, with discovery nearly complete, defendants' causation defense would also be a major issue at trial. Presentation of this defense would involve the testimony of the numerous Utah accident eyewitnesses. She concluded California was an inconvenient forum and stayed this action on several conditions pending the filing of a lawsuit in Utah.

## DISCUSSION

This appeal involves two issues: (1) whether a judge may reconsider a forum non conveniens motion where a similar request had been denied by a predecessor judge and (2) if so, whether the court erred in granting the motion absent a showing of a significant change in circumstances.

### 1.   *Reconsideration of the Forum Non Conveniens Issue*

Plaintiffs first contend Judge Marks erred in staying the California action on her own motion because she did not find the prior ruling was an abuse of discretion based on the evidence originally presented to Judge Brenner. In support of this argument, they rely on *Le Francois v. Goel* (2005) 35 Cal.4th 1094 [29 Cal.Rptr.3d 249, 112 P.3d 636], *In re Marriage of Barthold* (2008) 158 Cal.App.4th 1301 [70 Cal.Rptr.3d 691], and *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463 [95 Cal.Rptr.3d 464].

But this case involves the ruling on a motion to stay or dismiss an action for forum non conveniens under section 410.30. Section 410.30, subdivision (a) states, "When a court upon motion of a party or *its own motion* finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Italics added.) None of the foregoing decisions dealt with this statute. *Le Francois* concerned sections 1008 and 437c, subdivision (f)(2) in relation to a renewed summary judgment motion. *Barthold* involved section 1008's application to a postjudgment motion dealing with the merits of the case. In *Herr*, the appellate court concluded the trial court's purported reconsideration of a prior child support ruling actually constituted a new trial.

"Statutory construction is a question of law we decide de novo. [Citation.] Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] We begin by examining the statutory language, giving the words their usual, ordinary meanings and giving each word and phrase significance. [Citation.] . . . 'If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.]" (*Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127, 131–132 [62 Cal.Rptr.3d 487].)

In *Britton*, the plaintiffs brought suit in California against several defendants concerning an Idaho helicopter crash. One defendant unsuccessfully moved to stay or dismiss the action on forum non conveniens grounds. A year later, after a remand of the case from federal court, its reassignment to a

second judge, and dismissal of the defendant who filed the original forum non conveniens motion, another defendant renewed that request. The plaintiffs argued the renewed motion failed to comply with section 1008. The second trial judge granted the renewed motion, invoking his independent statutory authority under section 410.30 to do so. (*Britton v. Dallas Airmotive, Inc., supra*, 153 Cal.App.4th at p. 132, fn. 2.)

■ Plaintiffs note *Britton* primarily concerned whether the renewed motion was timely and involved a construction of sections 418.10 and 410.30, both of which relate to forum non conveniens requests. The appellate court held if a defendant has not yet appeared in the action section 418.10 governs a forum non conveniens motion, whereas section 410.30 applies after a defendant has appeared. (*Britton v. Dallas Airmotive, Inc., supra*, 153 Cal.App.4th at pp. 134–135.) But while *Britton* focused on the interplay between sections 418.10 and 410.30, as noted it acknowledged section 410.30, subdivision (a) grants a trial court independent authority to determine whether California is a convenient forum even if a party's forum non conveniens motion does not otherwise satisfy the requirements of section 1008 for reconsideration of a prior order or renewal of an earlier motion. (*Britton v. Dallas Airmotive, Inc., supra*, 153 Cal.App.4th at p. 132, fn. 2.)

■ In holding the renewed motion timely under section 410.30, *Britton* stated this "is a reasonable rule because it may be necessary to conduct discovery to develop the factual underpinnings of a forum non conveniens motion" (*Britton v. Dallas Airmotive, Inc., supra*, 153 Cal.App.4th at p. 135), and "to retain a case for the entire duration of the litigation because the lack of connection to California was unclear at the outset would impair the state's interest in avoiding burdening courts and potential jurors with litigation in which the local community has little concern" (*ibid.*). This reasoning equally applies to the circumstances presented in this case. Merely because a defendant brings an unsuccessful forum non conveniens motion shortly after a case is filed should not deprive the trial court of its independent statutory authority to subsequently reconsider the issue once the facts of the litigation are more fully developed. At the outset of this action, Judge Brenner denied defendants' original motion, concluding the lawsuit primarily involved a dispute over the minivan's design and manufacture. However, with discovery nearly complete, Judge Marks found Utah to be a more suitable forum based on defendants' causation defense.

■ Citing the rule "one trial judge may not reconsider and overrule the previous interim ruling of a predecessor judge of the same court by the expedient of simply ignoring the existence of that prior ruling" (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 393 [130 Cal.Rptr.2d 754]), plaintiffs also argue a successor trial judge cannot overrule an order issued by a

predecessor judge. But an exception to this rule applies where the judge who made the initial ruling is unavailable. In the latter situation, a different judge may entertain a renewed motion. (*New Tech Developments v. Bank of Nova Scotia* (1987) 191 Cal.App.3d 1065, 1069–1070 [236 Cal.Rptr. 746].) Here, Judge Brenner retired from the bench in 2007 and was unavailable to reconsider the forum non conveniens issue. Therefore, it was appropriate for Judge Marks to rule on the issue.

Under the plain language of section 410.30, subdivision (a) as recognized in *Britton*, Judge Marks had the authority to reconsider on her own motion whether California was a convenient forum.

### 2. *Absence of Changed Circumstances*

Although plaintiffs do not argue the merits of the trial court's forum non conveniens ruling, they alternatively contend Judge Marks erred in staying the California action because she failed to identify any significant change of circumstances since Judge Brenner's prior order that justified reconsidering the issue. They primarily rely on *Thompson v. Superior Court* (1972) 26 Cal.App.3d 300 [103 Cal.Rptr. 94], which held, while a second judge can consider a renewed motion, granting it constitutes an abuse of discretion unless the renewed motion is timely and there is a showing of a "significant change in circumstances . . . ." (*Id.* at pp. 306, 309.) According to plaintiffs, Judge Marks as the successor trial judge needed to find a significant change in circumstances in order to reverse Judge Brenner's ruling and she failed to do so.

For several reasons we find this argument unpersuasive. First, plaintiffs' argument contradicts their initial claim that a trial court could only consider the evidence presented in support of the original motion when ruling on the renewed application. Second, as mentioned above, Judge Marks's recognition of the importance of defendants' causation defense supports a conclusion that a significant change of circumstances exists in this case. Third, *Thompson* predated the enactment of the current version of section 1008 and, due to this change in the law as interpreted in *Le Francois* and other cases, *Thompson* is inapplicable to the current factual situation. Fourth, *Thompson* dealt with a change of venue statute. (§ 397, subd. (c).) Unlike section 410.30, subdivision (a), the plain language of the venue statute at issue in *Thompson* did not permit a trial court to review this type of motion on its own motion.

Therefore, plaintiffs' claim *Thompson* supports reversal of the trial court's stay of the California action on forum non conveniens grounds lacks merit.

## DISPOSITION

The order is affirmed. Respondents' request for judicial notice is granted. Respondents shall recover their costs on appeal.

Bedsworth, J., and Ikola, J., concurred.