Filed 7/3/24  Pacific Department Stores Co. v. Chang CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PACIFIC DEPARTMENT STORES CO. LTD., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHI CHENG CHANG et al., <br><br> Defendants and Respondents. | B328364 <br><br> (Los Angeles County Super. Ct. No. 20STCV49851) |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge. Affirmed.

WHGC and Michael G. York for Plaintiff and Appellant.

Husch Blackwell, Jules S. Zeman, Kevin Khachatryan, Paul A. Calfo and Jamie Steiner for Defendants and Respondents.

Plaintiff and appellant Pacific Department Stores, Co. Ltd. (appellant) appeals the order granting the motion of defendants and respondents Chi Cheng Chang and Shih En Chang (respondents) to stay the action based on forum non conveniens. Appellant also challenges the denial of its ex parte application to shorten time on its motion for reconsideration. We find no error and affirm the orders.

## BACKGROUND

Chi Cheng Chang was a former executive director for appellant. Shih En Chang was a former employee. Appellant filed this action, claiming Chi Cheng Chang and Shih En Chang misappropriated money.

Respondents were served with the summons and complaint in Taiwan. Respondents filed a motion to quash service of summons, arguing they were not properly served and lacked sufficient minimum contacts with the California forum. Initially the trial court found respondents were properly served but continued the proceeding to allow appellant to conduct discovery regarding the issue of minimum contacts with the forum. The trial court subsequently found sufficient minimum contacts and denied respondents' motion to quash. Respondents then filed a motion to dismiss or stay the action based on forum non conveniens, arguing Taiwan was the proper forum. The trial court granted the motion and stayed the action.

Appellant filed a motion for reconsideration of the stay; however, the hearing on the matter was set after the deadline to appeal the stay. Appellant then filed an ex parte application to advance the hearing. The application was denied.

Appellant then filed a timely notice of appeal from the order staying the action and the order denying its ex parte application.

## CONTENTIONS ON APPEAL

Appellant challenges the order staying the action on the ground the trial court abused its discretion by finding respondents' motion based on forum non conveniens was timely. Further, it argues the trial court abused its discretion by denying appellant's ex parte application to advance its motion for reconsideration.

## DISCUSSION

**I. There was no abuse of discretion in granting respondents' motion to stay**

**A.** *Applicable law and standard of review*

Code of Civil Procedure section 410.30,[1] subdivision (a) provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Section 418.10, subdivision (a)(2) permits a defendant to file a motion to stay or dismiss an action on the ground of inconvenient forum. "'A motion for a change of the place of trial on the ground that the convenience of witnesses and the ends of justice would be promoted by the change is committed to the sound discretion of the trial court and its determination will not

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

be disturbed on appeal unless it clearly appears, as a matter of law, that there has been an abuse of such discretion.'" (*Rycz v. Superior Court* (2022) 81 Cal.App.5th 824, 837.)

**B.** ***Respondents' forum non conveniens motion was timely***

Appellant's attack on the respondents' motion is based on respondents' delay in filing, resulting in prejudice. While appellant contends the respondents' delay in filing their motion was unreasonable, we recognize there is no strict deadline. A defendant who has generally appeared in an action may make a forum non conveniens motion at any time. (*Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127, 133.) The defendants, however, cannot unreasonably delay bringing the motion; any delay would be relevant to whether the motion should be granted. (*Id.* at p. 135.) Grounds exist to deny such a motion when an unreasonable delay causes prejudice to the plaintiff by giving a defendant an undeserved advantage. (*Martinez v. Ford Motor Co.* (2010) 185 Cal.App.4th 9, 19.) Such prejudice, for example, occurs when a defendant uses judicial discovery procedures to obtain an unfair advantage. (*Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1191.)

Here, there was no deadline for respondents to make a forum non conveniens motion after they had made a general appearance, that was deemed to have occurred when their motion to quash was denied on September 30, 2022. (See *State Farm General Ins. Co. v. JT's Frames, Inc.* (2010) 181 Cal.App.4th 429, 440 [holding a defendant is deemed to have generally appeared on entry of the order denying his or her motion to quash service of summons].) Thus, respondents could file their motion at any time, so long as there was not an unreasonable delay.

4

Respondents filed their forum non conveniens motion on October 28, 2022, within 30 days of their September 30, 2022 appearance. This was not an unreasonable delay.

Appellant, however, focuses on the nearly two years that passed from the filing of the complaint on December 30, 2020, arguing this delay caused prejudice as it caused appellant to incur substantial attorney's fees while opposing respondents' motion to quash service of the summons and complaint. Although appellant incurred attorney's fees in litigating the jurisdictional issues arising from service in Taiwan, this alone is insufficient. This argument is unavailing because appellant identifies no undeserved advantage respondents obtained from the delay.

In examining the reasonableness of respondents' conduct we observe respondents waited to file the forum non conveniens motion until after the trial court resolved the jurisdictional issues raised by their motion to quash service of summons. This was not unreasonable as had the motion to quash been granted, it would have been unnecessary to bring the forum non conveniens motion.[2]

Appellant also argues the trial court misconstrued the holding in *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452 that it cited in support of its finding that incurring attorney's fees

---

[2] Appellant seeks support in *Martinez v. Ford Motor Co.* (2010) 185 Cal.App.4th 9 because that court found the delay of 18 months made the motion untimely due to prejudice. However, the finding of prejudice was not based on the passage of time, but on the defendant conducting discovery that went beyond what was needed for the forum non conveniens motion. (*Id.* at p. 21.) Here, the record does not show respondents engaged in any such discovery or took other prejudicial actions beyond contesting service and jurisdiction.

is not sufficient to show prejudice. Although *Morris* summarizes a contention that incurring attorney's fees caused prejudice, it does not expressly reject the argument or hold that incurring attorney's fees cannot constitute prejudice. Regardless, the trial court did not abuse its discretion when it found respondents' motion timely. The motion had been filed within 30 days of the decision on the motion to quash service of summons and complaint, and there is no showing the delay conferred an undeserved advantage on the respondents. Appellate courts will reverse or modify only for prejudicial, as opposed to harmless, error. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107-1108.) Since respondents' motion was timely, any error in construing *Morris* is harmless and not grounds to reverse.

## II. There was no abuse of discretion in the denial of appellant's ex parte application to advance the hearing

Though appellant argues the trial court abused its discretion by denying appellant's ex parte application to advance the hearing on its motion for reconsideration of the order staying the action, appellant does not identify how the trial court abused its discretion. "[C]ourts have inherent authority to control their own calendars and dockets, and to inquire into their own jurisdiction." (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 267.) An abuse of discretion is shown when there is no reasonable basis for the action. (*Denton v. City and County of San Francisco* (2017) 16 Cal.App.5th 779, 791-792.) It is appellant's burden to provide an adequate record to demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. 'If any

6

matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'" (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) Thus, we must conclusively presume the trial court's findings are supported by the evidence when no transcript is provided on appeal. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

A hearing was held on appellant's ex parte application on March 2, 2023. Both sides appeared, argued, and the court issued its ruling after argument. Appellant fails to show the trial court had no reasonable basis to decline the ex parte application in its efforts to control its calendar and dockets. In the absence of a contrary showing in the record, all presumptions in favor of the trial court's denial will be made. This requires us to conclusively presume the trial court's decision was based on argument and facts sufficient to show the proper exercise of its discretion.

Furthermore, our review shows grounds existed to deny the ex parte application because appellant's motion for reconsideration was flawed in that appellant argued the trial court should not find Taiwan to be an adequate forum due to differences in discovery procedures. To obtain reconsideration of a prior order, an appellant is required to provide a satisfactory explanation for the failure to present a new fact, circumstance, or law earlier. (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200 [holding court has no jurisdiction to reconsider a prior order in the absence of a showing of diligence].) Appellant did not provide a satisfactory explanation for failing to submit evidence of the adequacy of the Taiwanese forum earlier. Since it would be an idle act to advance a defective motion, we

can presume this was the basis for the trial court's denial of the ex parte application.

## DISPOSITION

The trial court's order is affirmed. Respondents are awarded their costs of appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
HOFFSTADT, J.