[No. H006913. Sixth Dist. July 11, 1990.]

LIFECO SERVICES CORPORATION, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
GILBERT L. ROBISON, Real Party in Interest.

COUNSEL

Goldstein & Phillips, Alvin H. Goldstein, Jr., Mark L. Musto and James M. Braden for Petitioners.

No appearance for Respondent.

Anthony J. Trepel for Real Party in Interest.

OPINION

AGLIANO, P. J.—Petitioners Lifeco Services Corporation (Lifeco) and Controlled Airspace Corporation (CAC), Texas corporations, seek a statutory writ of mandate (Code Civ. Proc., § 418.10, subd. (c)) after the trial court denied their motion to dismiss or stay real party Robison's cross-action against them. Petitioners claim that forum selection clauses in the agreements between the parties mandate Texas as the forum. The issue is whether petitioners waived the benefit of those provisions by having commenced the lawsuit in California to obtain injunctive relief against Robison.

Petitioners are Texas-based businesses which provide travel-related services. CAC is a subsidiary of Lifeco. Lifeco leases business premises in Sunnyvale, California, where CAC and Lifeco maintain offices.

CAC employed Robison as its president pursuant to a written employment agreement from July 1, 1986, to February 28, 1989. In addition to the employment agreement, Robison and petitioners executed six other written agreements covering their mutual arrangement, including both the provision of services and the promised sale to Robison of shares of stock in CAC. Two of these agreements (a stockholders agreement and a contract for sale of corporate stock) contained clauses mandating exclusive venue in Texas as the forum for all disputes arising under these documents.

Real party's cross-complaint relies upon and incorporates by reference seven written contracts which govern the parties' employment relationship. Of these, the two referred to above contained forum selection clauses. Petitioner argued to the trial court that the contracts all pertain to the same matter and are between the same parties, hence are to be taken together as one contract. (See Civ. Code, § 1642.) Real party did not dispute this position. The trial court's order did not rest on the circumstance that not all of the written documents contained a forum selection clause. Accordingly we regard it as settled for purposes of this writ proceeding that the forum selection clauses govern disputes pertaining to the entire employment relationship and not only to those arising under the particular writings referred to.

A dispute did develop, and according to petitioners, Robison threatened (1) to prevent corporate employees from having access to the Sunnyvale premises of CAC and (2) to resort to "self help" in various other ways, impeding petitioners' attempts to service their accounts. Accordingly, petitioners sued Robison to obtain a temporary restraining order and preliminary and permanent injunctions preventing those acts. A declaration of Lifeco's vice-president and general counsel (William R. Reiss) filed in sup-

port of the temporary restraining order stated that Robison willfully and wrongfully had threatened to interfere with Lifeco's contractual relationship and prospective economic advantage with two of its recently acquired customers, Seagate Technologies, Inc., and Sun Microsystems, Inc. Specifically, Reiss alleged that Robison had threatened to bar Lifeco's employees from access to CAC's business premises in Sunnyvale and to interfere with and prevent those employees from performing their work, including configuration of Lifeco's offices and undertaking a site survey on the premises essential to proper performance of Lifeco's obligations to those customers. Actual damage was alleged to have occurred already, including delay in Lifeco employees' preparations for servicing the Sun Microsystems account.

The trial court issued a temporary restraining order as requested, but ultimately denied a preliminary injunction. Petitioners claim the need for injunctive relief had ceased because after Robison's employment term expired on February 28, 1989, he vacated the premises voluntarily. The complaint for a permanent injunction and damages, however, is still pending.

Following the issuance of the temporary restraining order, Robison filed a cross-complaint against petitioners seeking over $22 million in actual damages, plus punitive damages, for breaches of contract and torts relating to their dispute, alleging claims such as fraud, unjust enrichment, intentional infliction of emotional distress, wrongful termination in violation of contract, breach of fiduciary duty to a minority shareholder, and other claims. Petitioners then moved to dismiss or stay the cross-complaint because of the forum selection clauses in the parties' agreements selecting Texas as the forum for all disputes.

Robison rejoined that petitioners had waived the forum selection clause by originally bringing suit in California to obtain injunctive relief.

## DISCUSSION

■ The issue is whether substantial evidence supports the trial court's finding that enforcement of the forum selection clause is unreasonable. ■ *Furda* v. *Superior Court* (1984) 161 Cal.App.3d 418, 426-427 [207 Cal.Rptr. 646], holds that a court *must* enforce a forum selection clause unless it would be unreasonable to do so on the facts of the case. Even where there is jurisdiction over an out-of-state defendant based on a wrongful act with significant effects in California, nevertheless it may be improper to exercise that jurisdiction in the face of a contrary broad forum selection clause. (*Smith, Valentino & Smith, Inc.* v. *Superior Court* (1976) 17 Cal.3d 491 [131 Cal.Rptr. 374, 551 P.2d 1206]; *The Bremen* v. *Zapata Off-Shore Co.* (1972) 407 U.S. 1 [32 L.Ed.2d 513, 92 S.Ct. 1907]; *Burger King Corp.* v.

*Rudzewicz* (1985) 471 U.S. 462, 477-478 [85 L.Ed.2d 528, 543-545, 105 S.Ct. 2174].) The *Burger King* case held that even if there are jurisdictionally sufficient contacts with the forum, nevertheless "minimum requirements inherent in the concept of 'fair play and substantial justice' [can] defeat the reasonableness of jurisdiction . . . . " (*Burger King, supra*, at pp. 477-478 [85 L.Ed.2d at pp. 543-545].)

In addition to the presence of a forum selection clause, some other relevant factors are the relative availability of evidence and burden of trial in one place rather than another; a state's interest in providing its residents a forum or regulating the activity involved; ease of access to alternative forums; avoidance of multiplicity of suits and conflicting adjudications; and closeness of connection between the cause of action and the defendant's local activities. (See *Abbott Power Corp.* v. *Overhead Electric Co.* (1976) 60 Cal.App.3d 272, 280 [131 Cal.Rptr. 508]; *Fisher Governor Co.* v. *Superior Court* (1959) 53 Cal.2d 222, 225-226 [1 Cal.Rptr. 1, 347 P.2d 1]; see also *Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 151 [127 Cal.Rptr. 352, 545 P.2d 264].)

Here the forum selection clauses weigh strongly in favor of the Texas forum. Additionally, although California has some interest in protecting the rights of the resident plaintiff as a minority shareholder in a Texas corporation, Texas has at least equal interest in regulating the Texas corporations' activities. The actual business engaged in, providing travel services to Silicon Valley residents, clearly interests only California and not Texas; but that activity is not the subject of the lawsuit, but rather the dispute centers around Robison's rights as former employee and officer of a Texas corporation and as a minority shareholder in that corporation.

Robison argues that this is a discretionary matter and the showing is insufficient to warrant extraordinary writ reversal of the trial court's decision. He relies heavily on the original filing of petitioner's action for injunctive relief in California, which is still pending, and upon his showing that no emergency really existed and that Lifeco did not need to seek injunctive relief. Robison says he was very angry when Lifeco allegedly failed to live up to certain agreed-upon obligations (to come to California and perform an evaluation of the value of the corporation's stock and an accounting of relevant fiscal matters). He did not threaten any irreparable injury to Lifeco, according to his declarations filed in opposition to the request for an injunction. He said he would not interfere with travel business with Seagate and Sun Microsystems. Although a temporary restraining order issued, this resulted from an ex parte procedure and does not prove that an emergency existed, and the refusal to issue a preliminary injunction shows that it did

not. Lifeco allegedly has never proved the basis of its claim for an injunction, that Robison threatened to interfere with its lawful business.

However, the record evidence demonstrates the need for the request for injunctive relief. Looking at Robison's own declarations, he states that while Lifeco's declarations say he threatened various personnel of Lifeco and CAC, these are "taken out of context." Thus, he admits making threats. He says he was upset. Again, this statement is an explanation and excuse which nevertheless admits the fact. Finally he says he did not and would not interfere with Lifeco's travel business with Seagate and Sun Microsystems. But he does not say he did not threaten to do so. Accordingly since threats had been made, the trial court properly concluded that an injunction was warranted and did issue a restraining order. The fact that Robison later vacated the premises, making a preliminary injunction unnecessary, does not show there was no necessity for injunctive relief in the first place, and may on the contrary suggest that the lawsuit had the salutary effect of causing Robison to reconsider, serving its purpose.

We further observe that even though there may be some evidence in the record which could support a finding that there was no "emergency" requiring the filing of the injunction request, the trial court made no such finding. Its order merely states that the motion to dismiss or stay is denied because it would be unreasonable to require suit in Texas and the action was commenced by Lifeco in California. Also the order states the claims asserted by both sides appear to concern activities occurring primarily here. The latter statement is not correct, as stated *supra*, and there is no finding of specific waiver of the forum selection clause.

In the *Smith, Valentino & Smith, Inc.,* case, *supra*, 17 Cal.3d 491, the parties had reciprocal forum selection clauses in their contract: petitioner Smith agreed to bring all actions only in Philadelphia, and real party Assurance agreed to bring all such actions in Los Angeles. Smith sued in California and among other things argued that Assurance had waived its right to be sued in Philadelphia because it had filed an earlier action seeking an attachment against Smith in Philadelphia. The Supreme Court held that the earlier action was not a waiver of Assurance's right to be sued in Philadelphia, giving this among other reasons: "Moreover, given the relatively minor nature of the prior action when compared to the present proceedings, the trial court reasonably might have concluded that Assurance's prior breach of the clause was de minimis." (*Id*. at p. 497.) This holding is on facts similar to those here and compels a similar result.

We conclude that Lifeco's response to a perceived emergency is not a legally sufficient circumstance to overcome the rules favoring enforcement

of forum selection clauses. The record compels a finding that petitioners in good faith filed the preliminary action in California on the basis of perceived necessity. Their action is not a waiver of their right to a Texas forum to settle the broader dispute among the parties which touches on all aspects of their relationship.

Robison argues that the continued pendency of Lifeco's complaint for an injunction and damages in California prevents a stay or dismissal of Robison's cross-complaint because the entire action should be tried in one forum. Lifeco does not explain why it did not seek to stay or transfer the entire action rather than just the cross-complaint. Lifeco argues that the two lawsuits are not so closely related transactionally as to constitute one action, and that Robison's cross-complaint is not a compulsory cross-complaint in the action. (Code Civ. Proc., §§ 426.10, subd. (c), 426.30. See, e.g., *Roylance* v. *Doelger* (1962) 57 Cal.2d 255, 261 [19 Cal.Rptr. 7, 368 P.2d 535] [when original complaint is equitable, cross-action for legal relief is a permissive cross-complaint].) Since the question whether the actions must be tried together has not been briefed or argued in the trial court we decline to address it further, except to observe that the trial court retains discretion to stay the complaint as well as the cross-complaint upon a proper showing.

We hold that in deference to the forum selection clauses the cross-complaint must be tried in Texas. Therefore, the trial court should have granted petitioners' motion for a stay.

## DISPOSITION

Real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue directing the respondent court to vacate its order of February 20, 1990, and enter instead an order staying real party's

cross-complaint. Respondent court shall retain jurisdiction in the event the Texas forum should become unavailable.

Capaccioli, J., and Cottle, J., concurred.