[No. B227501. Second Dist., Div. Eight. Oct. 26, 2011.]

TRIDENT LABS, INC., Plaintiff and Appellant, v.
MERRILL LYNCH COMMERCIAL FINANCE CORP., Defendant and
Respondent.

148

**COUNSEL**

Lozoya & Lozoya and Frank J. Lozoya IV for Plaintiff and Appellant.

Palmer, Lombardi & Donohue and Robert B. Ericson for Defendant and Respondent.

**OPINION**

**GRIMES, J.—**

## SUMMARY

The loan agreement between the parties had a forum selection clause. The borrower waived any rights to commence an action against the lender in any jurisdiction except Cook County, Illinois. The lender could enforce the loan documents either in Illinois or anywhere else the borrower or collateral might be located. The borrower sued the lender in California, where the borrower was located. The lender litigated the suit in California vigorously, removing the case to the United States District Court, Central District, and, after it was remanded, filing a cross-complaint and other pleadings and engaging in substantial discovery, including discovery motions. Then, after more than 19 months of litigation in California, the lender moved to dismiss or stay the lawsuit based on the forum selection clause that required the borrower to sue

in Illinois, contending that, under Code of Civil Procedure section 410.30 (section 410.30), it could make such a motion "at any time." The trial court granted the motion and stayed the action.

We reverse, concluding that section 410.30 does not permit a motion based on a forum selection clause to be made "at any time," and that the trial court erred in enforcing the forum selection clause under the circumstances of this case.

## FACTS

Plaintiff Trident Labs, Inc., had a line of credit with a predecessor of defendant Merrill Lynch Commercial Finance Corp. from 1998 until September 2007. In September 2007, the parties executed a term loan for $1.8 million that replaced the line of credit. The loan agreement required plaintiff to repay the outstanding principal plus interest over 60 months. The agreement also required plaintiff to provide annual financial statements, prepared by independent accountants, by April 30 of each year, and to maintain a specified debt service coverage ratio. Plaintiff's chief executive officer, Laurence Fishman, personally guaranteed plaintiff's obligations under the loan agreement.

The loan agreement and the guaranty were governed by Illinois law and contained forum selection clauses. The clause in the loan agreement allowed defendant, "in its sole discretion," to enforce the loan documents either in the State of Illinois or in any other jurisdiction "where Customer or any Collateral may be located." But plaintiff was required to bring any action in Cook County, Illinois: "Customer irrevocably submits itself to jurisdiction in the State of Illinois and venue in any state or federal court in the County of Cook for such purposes, and Customer waives any and all rights to contest said jurisdiction and venue and the convenience of any such forum, and any and all rights to remove such action from state to federal court. Customer further waives any rights to commence any action against [defendant] in any jurisdiction except in the County of Cook and State of Illinois."

Plaintiff did not comply with its obligation to provide annual reviewed financial statements for the year 2007 by April 30, 2008. Plaintiff instead provided only internally prepared draft financial statements, almost four months late, on August 25, 2008. According to defendant, these statements showed plaintiff was not in compliance with the debt service coverage ratio, and defendant so informed plaintiff. The parties held discussions about restructuring the term loan, but the discussions were not successful.

On September 4, 2008, the parties executed a letter agreement. The letter stated that plaintiff had violated the terms of the loan agreement by failing to

maintain the required debt service coverage ratio, and it was projected that plaintiff would continue to violate the debt service coverage ratio covenant through September 30, 2008. Defendant waived these violations (but no future or other violations), conditioned upon receipt of a covenant violation fee of $1,000, and an increase in the interest rate.

On October 3, 2008, defendant sent a demand notice to plaintiff, telling plaintiff it was in breach of the loan agreement because it failed to provide the reviewed 2007 financial statements and demonstrate compliance with the debt service coverage ratio, and demanding cure of the breaches by October 17, 2008. The demand notice warned that defendant would pursue its available remedies, including accelerating the loan obligation, if plaintiff did not cure the breaches. Plaintiff then sent defendant a draft of its reviewed yearend financial statements for 2007, which, according to defendant, showed plaintiff had breached the debt service coverage ratio requirement. On October 22, 2008, defendant sent plaintiff a notice of default and demand for full repayment.

On October 31, 2008, plaintiff—a California corporation with its principal place of business in Los Angeles County—filed this lawsuit, alleging three causes of action, for unfair business practices under the Business and Professions Code, fraud and deceit, and breach of contract. In substance, plaintiff alleged that, during the negotiations to restructure the September 2007 loan agreement, defendant was experiencing serious internal financial problems, as a result of which defendant made arbitrary and bad faith demands on plaintiff "in order to illegally force [plaintiff] to agree to an interest rate increase, monetary penalties or accelerated payoff of the loan . . . ." The complaint alleged that, although plaintiff was never in default in its payments under the loan agreement, defendant told plaintiff that it would institute default procedures if plaintiff did not sign the letter agreement, and did so in order to coerce plaintiff to repay the loan early so defendant could receive a cash infusion to offset its own economic difficulties.

After plaintiff filed suit, the parties litigated the matter in California for more than 19 months, until June 2010, when defendant moved to dismiss or stay the lawsuit based on the forum selection clause. The case was extensively litigated during these 19 months.

On November 26, 2008, defendant removed the case to federal court, and then filed its answer, including an affirmative defense of "waiver/improper forum," and a counterclaim against both plaintiff and Fishman, the guarantor, for breach of contract. In late December, the federal court remanded the case to state court.

Defendant then engaged in substantial discovery. In April 2009, defendant served its first set of requests for production of documents, requests for admissions, and a third party subpoena upon plaintiff's accountants. In August 2009, defendant filed a motion to compel plaintiff to produce additional documents, and for an award of sanctions against plaintiff. In September 2009, defendant filed a motion for a protective order, based on excessive requests for admissions by plaintiff, and sought an award of sanctions against plaintiff and its counsel. Also in September 2009, defendant served plaintiff with a second set of requests for admission and a set of special interrogatories. On November 5, 2009, after the parties agreed to limit the scope of defendant's motion to compel, the trial court denied defendant's request for plaintiff's tax documentation.

The court set a trial date of September 17, 2010. In April 2010, defendant served a set of form interrogatories on plaintiff and on Fishman, the guarantor, a second set of requests for production of documents, and a second set of special interrogatories. Defendant also noticed the deposition of plaintiff's person most knowledgeable on specified topics, but the deposition was taken off calendar because the witness was unavailable.

Meanwhile, in July 2009, defendant filed a motion for judgment on the pleadings. On September 17, 2009, the trial court granted the motion as to plaintiff's cause of action under the Business and Professions Code, but gave plaintiff leave to amend its fraud and breach of contract claims.

On October 29, 2009, defendants filed a case management statement in which they stated they intended to file a demurrer and move for summary judgment. Defendants also stated in their case management statement that they reserved the right to move to enforce the forum selection clause.

In November 2009, defendant filed a demurrer to plaintiff's first amended complaint. In April 2010, the trial court overruled defendant's demurrer, and defendant then answered the complaint, including "improper forum" as one of its affirmative defenses. Defendant also filed a cross-complaint against plaintiff and Fishman for breach of contract and other claims, seeking damages of more than $890,000.

In May 2010, defendant asked plaintiff to stipulate to continue the trial date (which had been set for Sept. 2010) for four months, to January 18, 2011, and plaintiff agreed to do so.

In its June 2010 motion to dismiss based on the forum selection clause, defendant contended it had the right to make the motion at any time, plaintiff could not show the clause was unreasonable, and defendant had not waived

its right to enforce the clause because it had reserved the right to enforce the clause in the affirmative defenses it asserted in its answers in federal and state court and in its October 2009 case management statement.[1] Plaintiff countered by arguing the forum selection clause was "boilerplate" and unenforceable under Illinois law; further, enforcement would be unreasonable because defendant waived the right to enforce it by bringing its cross-complaint and by litigating the matter for so long in California.

The trial court granted defendant's motion and ordered the case stayed pursuant to section 410.30. Plaintiff filed a timely appeal from the trial court's order.[2]

## DISCUSSION

### 1. *The Law on Forum Selection Clauses*

Defendant brought its motion under the authority of section 410.30. Under subdivision (a) of that section, "[w]hen a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Section 410.30 is a codification of the doctrine of forum non conveniens (see *Furda v. Superior Court* (1984) 161 Cal.App.3d 418, 425 & fn. 3 [207 Cal.Rptr. 646] (*Furda*)), but the principles governing enforcement of a forum selection clause are not the same as those applicable to motions based on forum non conveniens.

In California, "forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496 [131 Cal.Rptr. 374, 551 P.2d 1206] (*Smith Valentino*) ["courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of

---

[1] Defendant's second affirmative defense in its December 5, 2008 answer in federal court stated: "This Court is not the proper forum for this dispute, as Plaintiff has waived its right to bring this action in any jurisdiction other than the County of Cook and the State of Illinois." Similarly, its April 28, 2010 answer to plaintiff's first amended complaint contained a second affirmative defense: "Because [plaintiff] has waived any right to bring this action in any jurisdiction other than Cook County, Illinois, this Court is not the proper forum for this dispute."

[2] On May 27, 2011, defendant filed a request for judicial notice of (1) the complaint for breach of contract that it filed against plaintiff on September 17, 2010, in the United States District Court for the Northern District of Illinois, and (2) local rules allowing members of the bar from other states to try cases in that district. We deny the request as irrelevant to the disposition of this case.

a different forum"; policy favoring access to Cal. courts by resident plaintiffs "is satisfied in those cases where . . . a plaintiff has freely and voluntarily negotiated away his right to a California forum" (*id.* at p. 495)].)

The burden of proof is on the plaintiff, and the factors involved in traditional forum non conveniens analysis do not control. (*Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 198 [127 Cal.Rptr.2d 847] (*Intershop Communications*).) "Instead, the forum selection clause is presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case." (*Ibid.*; see also *Furda, supra*, 161 Cal.App.3d at pp. 424–425 ["the existence of a contractual forum selection clause requires a court to decline jurisdiction under . . . section 410.30, absent a showing that enforcement would be unfair or unreasonable"].) Illinois law is to the same effect. (*IFC Credit Corp. v. Rieker Shoe Corp.* (2007) 378 Ill.App.3d 77 [317 Ill.Dec. 214, 881 N.E.2d 382, 389–390] (*IFC Credit Corp.*) ["[a] forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances"; "[a] forum selection agreement reached through arm's-length negotiation between experienced and sophisticated business people should be honored by them and enforced by the courts, absent some compelling and countervailing reason for not enforcing it" (*id.*, 881 N.E.2d at p. 389)].)

We review the trial court's decision for abuse of discretion. (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9 [108 Cal.Rptr.2d 699] (*America Online*).)[3]

## 2. *The Circumstances in This Case*

The question presented is whether the circumstances in this case make enforcement of a presumptively valid forum selection clause unreasonable. We think they do.

---

[3] The substantial evidence standard of review has also been used for review of a contractual forum selection clause (e.g., *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680–1681 [16 Cal.Rptr.2d 417] (*Cal-State*)), but its use has been criticized. (See *America Online, supra*, 90 Cal.App.4th at p. 9 ["we are not persuaded that appellate review of a contract interpretation issue can be properly analogized to review of an unambiguous forum selection clause"; "given existing guidance on this question from our Supreme Court [in *Smith Valentino, supra*, 17 Cal.3d at p. 493], and the more consistent line of Court of Appeal decisions, which likewise apply the abuse of discretion standard, we disagree with *Cal-State*'s conclusion that the substantial evidence standard applies instead"]; *Bancomer, S. A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1457 [52 Cal.Rptr.2d 435] [" 'We review a trial court's decision to enforce [or refuse to enforce] a forum selection clause for an abuse of discretion.' [Citations.]"].)

Here, the forum selection clause allowed defendant, in its sole discretion, to enforce the loan documents in California, where its customer was located. When plaintiff filed its lawsuit in California, instead of in Illinois as required under the forum selection clause, defendant could have moved to enforce the forum selection clause, but it did not. Instead, it exercised its "sole discretion" under the forum selection clause to extensively litigate its rights under the loan agreement in California. Defendant protests that it reserved the right to move to enforce the forum selection clause in its case management statement and by asserting affirmative defenses in its answers, and that its counterclaim and cross-complaint were compulsory and thus it was procedurally required to file them.

Of course, they *were* compulsory, but only if defendant *chose* to litigate in California, which defendant repeatedly did, by choosing *not* to file a motion to dismiss or stay based on the forum selection clause for well over a year and a half, instead removing the case to federal court, and by answering, cross-complaining, and conducting discovery. Under these circumstances, where defendant has the right to decide where to litigate, defendant cannot litigate in California until such time as, "in its sole discretion," it decides it prefers to litigate in Illinois. Under the circumstances of this case, enforcement of the forum selection clause would be unreasonable. (*Intershop Communications, supra*, 104 Cal.App.4th at p. 198; *IFC Credit Corp., supra*, 881 N.E.2d at p. 389.)

Defendant insists that section 410.30 permitted it to reserve the right in its pleadings to make its motion at any time, indefinitely. The question here is not whether defendant waived its right to enforce the clause. The question is whether, by its extensive litigation in California, defendant exercised its sole discretion under the forum selection clause to litigate in California; and, if so, then whether, much later, defendant may invoke the clause, after it changed its mind and preferred to proceed elsewhere.

■ Section 410.30, subdivision (a) tells us that when a court finds "that in the interest of substantial justice an action should be heard in a forum outside this state," the court must stay or dismiss the action "on any conditions that may be just." Section 410.30 does *not* say that the motion may be brought "at any time." Where no limits are stated, a reasonableness standard is necessarily inferred. A delay of more than 19 months, for which no justification is offered, and during which the party who seeks to change venue has repeatedly invoked the rights available to California litigants, does not survive that test of reasonableness.

■ Defendant relies on *Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127 [62 Cal.Rptr.3d 487] (*Britton*), where the court stated that "a

defendant who has generally appeared may make a forum non conveniens motion at any time, not only on or before the last day to plead." (*Id.* at p. 133.) But defendant's motion was *not* a forum non conveniens motion; it sought enforcement of a forum selection clause. (See *Intershop Communications, supra,* 104 Cal.App.4th at p. 198 [contrasting forum non conveniens and forum selection clause principles; a mandatory forum selection clause "will ordinarily be given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable" (*id.* at p. 196)].) Moreover, *Britton* was harmonizing section 410.30 with Code of Civil Procedure section 418.10, the latter of which requires a motion to stay or dismiss on the ground of inconvenient forum to be filed on or before the last day of defendant's time to plead. (§ 418.10, subd. (a)(2).) *Britton* merely teaches that forum non conveniens motions "are not precluded after a defendant has appeared" (*Britton,* at pp. 134–135), and that "[t]his is a reasonable rule because it may be necessary to conduct discovery to develop the factual underpinnings of a forum non conveniens motion" (*id.* at p. 135). In short, *Britton* provides no support at all for the proposition that a motion to dismiss based on a forum selection clause may be brought "at any time."

Defendant also relies on *Lifeco Services Corp. v. Superior Court* (1990) 222 Cal.App.3d 331 [271 Cal.Rptr. 385] (*Lifeco*) to support its contention that it did not waive enforcement of the forum selection clause by participating in trial court proceedings in California. In *Lifeco,* the Court of Appeal held that the trial court should have granted the petitioners' motion to dismiss or stay the real party in interest's cross-action against them, based on forum selection clauses calling for exclusive venue in Texas, even though the petitioners had begun the lawsuit in California to obtain injunctive relief against the real party in interest. (*Id.* at p. 333.) The real party in interest had threatened to prevent Lifeco employees from having access to certain business premises in California, and threatened to otherwise prevent the employees from servicing certain accounts. After the petitioners obtained a temporary restraining order, the real party in interest filed a cross-complaint seeking over $22 million in damages, and the petitioners then moved to dismiss or stay the cross-complaint because of the forum selection clauses in the parties' agreements. (*Id.* at pp. 333–334.)

The Court of Appeal found the petitioners had not waived the benefit of the forum selection clause, concluding that "Lifeco's response to a perceived emergency is not a legally sufficient circumstance to overcome the rules favoring enforcement of forum selection clauses." (*Lifeco, supra,* 222 Cal.App.3d at pp. 336–337; see *id.* at p. 337 ["The record compels a finding that petitioners in good faith filed the preliminary action in California on the basis of perceived necessity. Their action is not a waiver of their right to a

Texas forum to settle the broader dispute among the parties which touches on all aspects of their relationship."].)

This case is in complete counterpoint to the circumstances in *Lifeco*, where the petitioners had good reason to initiate a suit for an injunction in one forum and then insist on litigating the entire controversy in another. Defendant offers no reason whatsoever for having litigated plaintiff's claim in California for 19 or 20 months, instead relying solely on its purported right to enforce the forum selection clause "at any time." Such a right does not exist.

■ We conclude that when a party, under the terms of a forum selection clause, has the option to litigate in more than one forum, that party cannot choose to extensively litigate in the original forum by filing a cross-complaint, conducting substantial discovery, and filing motions seeking relief from the forum court, and then decide to enforce the right it otherwise would have had to compel the other party to litigate in a different forum. Such circumstances make enforcement of the forum selection clause unreasonable as a matter of law.

## DISPOSITION

The order is reversed and the cause is remanded to the trial court for further proceedings. Trident Labs, Inc., is to recover its costs on appeal.

Rubin, Acting P. J., and Flier, J., concurred.