Filed 3/5/14  Madick Insurance Services v. 3 Mark Financial CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MADICK INSURANCE SERVICES et al., | B249500 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC 482872) |
| 3 MARK FINANCIAL, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ernest M. Hiroshige, Judge.  Affirmed.

Jeff C. Katofsky for Plaintiffs and Appellants.

Nelson Griffin, Thomas J. Griffin and Raymond J. Muro for Defendant and Respondent.

\* \* \* \* \* \*

Madick Insurance Services, LLC (Madick Insurance) and Kenneth Madick (Madick) (together appellants) appeal an order granting a motion to dismiss and staying the case pending appellants' filing suit in Texas based on a forum selection clause in a contract between appellants and respondent 3 Mark Financial, Inc. (3 Mark). We affirm.

**BACKGROUND**

Madick Insurance is a California limited liability company doing business as an agent/broker in the insurance industry, and Madick is an individual doing business in the insurance industry. Respondent 3 Mark is a Texas corporation. Madick Insurance and Madick sued respondent in Los Angeles County Superior Court alleging respondent acted as an intermediate broker for insurance policies appellants placed with the Savings Bank Life Insurance Company of Massachusetts (SBLI). When several of the SBLI policies lapsed, SBLI sued appellants in Massachusetts for the return of unearned commissions advanced to them on the lapsed policies. Appellants in turn filed the pending action in California against respondent seeking indemnity and damages for having to defend the Massachusetts action, contending essentially respondent was responsible for the lapsing of the policies.

In addition to demurring to the complaint and filing a motion to quash service of the summons, respondent moved to dismiss the action on the ground of inconvenient forum, arguing the parties agreed to Texas as the mandatory forum based on a clause in the parties' "Non-Exclusive Affiliate Agreement," which read: "This Agreement shall be construed in accordance with and governed by the laws of the State of Texas, without giving effect to conflicts of laws. Exclusive venue for any dispute hereunder shall lie in the courts of Harris County, Texas."

On April 9, 2013, the trial court issued a tentative decision indicating its intent to sustain the demurrer with leave to amend and deny the motion to quash service of summons and dismiss the action. But before issuing a final ruling on the motion to quash and to dismiss on the ground of inconvenient forum, the court ordered the parties to file supplemental briefing on the issue of "whether the phrase 'exclusive venue' denotes a mandatory forum selection clause." After receiving further briefing, on May 31, 2013,

the court granted the motion to dismiss in part, finding the clause was mandatory and that enforcing it would not be unreasonable. The court stayed the matter pending appellants' filing the case in Texas and set an order to show cause re dismissal for hearing on August 23, 2013.

Appellants filed a notice of appeal on June 19, 2013.

The trial court apparently heard the order to show cause on August 23, 2013, and set a "Non-appearance Case Review Re: Appeal" for February 25, 2014. It appears from the record no order of dismissal has been entered and the case remains stayed.

## NOTICE OF APPEAL

Respondent complains appellants' notice of appeal was deficient because it purported to appeal from a judgment of dismissal that was never entered and did not refer to the "the multiple orders made on April 9, 2013 . . . and May 31, 2013 . . . ." We disagree.

A party may appeal from "an order granting a motion to quash service of summons or granting a motion to stay the action on the ground of inconvenient forum, or from a written order of dismissal under [Code of Civil Procedure] Section 581d,[1] following an order granting a motion to dismiss the action on the ground of inconvenient forum." (§ 904.1, subd. (a)(3).) Appellants identified the order appealed from as the May 31, 2013 order granting respondent's motion to dismiss and staying the case based on inconvenient forum. While true appellants incorrectly indicated in the notice of appeal that the appeal was from a "[j]udgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430," rather than from an order staying the case made appealable by section 904.1, subdivision (a)(3), "[t]he notice of

---

**1**  Code of Civil Procedure section 581d states, "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." All undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

appeal must be liberally construed," and it is "sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) Applying that rule here, we find the notice of appeal sufficient.[2]

## DISCUSSION

Respondent sought to dismiss or stay this case pursuant to sections 410.30 and 418.10. Section 410.30, subdivision (a) states, "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Section 418.10, subdivision (a) states in relevant part, "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: [¶] . . . [¶] (2) To stay or dismiss the action on the ground of inconvenient forum."[3]

---

[2] We do, however, admonish appellants for failing to state in their opening brief "that the judgment appealed from is final, or explain why the order appealed from is appealable," as required by rule 8.204(a)(2)(B) of the California Rules of Court.

[3] The trial court and the parties treated the clause at issue as a pure forum selection clause, when it is technically both a forum selection clause and a *venue* selection clause. (See *Alexander v. Superior Court* (2003) 114 Cal.App.4th 723, 726-727 ["Forum means '[a] court or other judicial body; a place of jurisdiction. [Citation.] Venue is '[t]he county or other territory' in which a case may be heard, i.e., the place from which the jury will be selected. [Citations.] Under state law, therefore, a venue selection clause is purely an intrastate issue involving the selection of a county in which to hold the trial. By contrast, a forum selection clause usually chooses a court from among different states or nations. [Citation.]" (Fn. omitted.)]; *In re Great Lakes Dredge & Dock Co.* (Tex.Ct.App. 2008) 251 S.W.3d 68, 73-74 (*Great Lakes Dredge*) ["[A] 'forum'-selection agreement is one that chooses another state or sovereign as the location for trial, whereas a 'venue'-selection agreement chooses a particular county or court within that state or sovereign."].) While forum selection clauses will be enforced unless doing so would be unreasonable, venue selection clauses are invalid in California to the extent they conflict with statutes fixing the place of venue. (*Global Packaging, Inc. v. Superior Court* (2011) 196 Cal.App.4th 1623, 1628 (*Global Packaging*); *Alexander, supra*, at p. 731.) The same is true under Texas law. (*Great Lakes Dredge, supra*, at pp. 77-79.) For the first time in their reply brief, appellants argue the clause at issue in this case is an invalid venue

4

"Section 410.30 is a codification of the doctrine of forum non conveniens [citation], but the principles governing enforcement of a forum selection clause are not the same as those applicable to motions based on forum non conveniens. [¶] In California, 'forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable.' (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496 . . . ['courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum'; policy favoring access to Cal. courts by resident plaintiffs 'is satisfied in those cases where . . . a plaintiff has freely and voluntarily negotiated away his right to a California forum' (*id.* at p. 495)].) [¶] The burden of proof is on the plaintiff, and the factors involved in traditional forum non conveniens analysis do not control. [Citation.] 'Instead, the forum selection clause is presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case.' [Citations.]" (*Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 153-154 (*Trident*).)[4] We review the trial court's determination of reasonableness for abuse of discretion. (*Ibid.*)

---

selection clause. However, this argument can be forfeited (*Global Packaging, supra*, at p. 1628 & fn. 5), and appellants have done so by failing to raise this issue before the trial court (*Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406) and by only raising the issue for the first time in their reply brief (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10). We will therefore address only the forum selection aspect of the parties' agreement and hereafter refer to the parties' agreement as a "forum" selection clause.

[4]    The parties' contract provided that it "shall be construed in accordance with and governed by the laws of the State of Texas, without giving effect to conflicts of laws," which would presumably include the interpretation of the exclusive forum provision. (See *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 469, fn. 7 (*Nedlloyd*).) But neither party has suggested Texas law governs or has briefed the application of Texas law, so, like the parties, we will apply California law. (*Ibid.*) In any case, Texas law is generally in accord. (*Great Lakes Dredge, supra*, 251 S.W.3d at p. 77 ["'[E]nforcement of forum-selection clauses is mandatory *unless* the party opposing enforcement "clearly

In order for this analytical framework to apply, however, the forum selection clause must be mandatory, not permissive. (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*).)  "A mandatory clause ordinarily is 'given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable.' [Citation.]  But if 'the clause merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. [Citation.]' [Citation.]" (*Ibid.*)  Because the parties have not offered any extrinsic evidence, we review the trial court's resolution of this issue de novo. (*Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 196 (*Intershop*).)

The trial court correctly concluded the parties' forum selection clause was mandatory.  The parties used the language "[e]xclusive venue for any dispute hereunder shall lie in the courts of Harris County, Texas," which can only reasonably be interpreted to require any suit to be filed in Texas to the exclusion of any other forum.  Courts have found similar language created mandatory forum provisions.  (See, e.g., *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1294 ["'The parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York for New York County and/or the United States District Court for the Southern District of New York for the resolution of all disputes arising under this Agreement.'"]; *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1358 (*CQL Original Products*) ["any claims arising hereunder shall, at the Licensor's election, be prosecuted in the appropriate court of Ontario[, Canada]."]).[5]

---

shows that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching.'"'"].)

[5]      Other courts have treated similar language as mandatory without analysis. (See, e.g., *Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1492 ["'[A]ny and all litigation that may arise as a result of this Agreement shall be litigated in Dade County, Florida.'"]; *Furda v. Superior Court* (1984) 161 Cal.App.3d 418, 422, fn. 1 ["'Any controversy or claim arising out of or relating to this Agreement which cannot be

It is readily distinguishable from language courts have found to be only permissive, such as language "grant[ing] jurisdiction to a particular forum without expressly making that forum the mandatory situs for resolution of disputes." (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 357, 359 [finding the following clause permissive: "'The company [MTC] has expressly submitted to the jurisdiction of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit, action or proceedings arising out of this Offering.'"]; see *Animal Film, supra*, 193 Cal.App.4th at p. 470 [finding the following clause permissive: "'The parties hereto submit and consent to the jurisdiction of the courts present in the State of Texas in any action brought to enforce (or otherwise relating to) this agreement.'"].)

We may dispel any doubt about the mandatory nature of the parties' forum selection clause by looking to the accompanying choice of law clause. It mandates the parties' agreement "shall be construed in accordance with and governed by the laws of the State of Texas, without giving effect to conflicts of laws." "The phrase 'governed by' is a broad one signifying a relationship of absolute direction, control, and restraint. Thus, the clause reflects the parties' clear contemplation that 'the agreement' is to be completely and absolutely controlled by [Texas] law." (*Nedlloyd, supra*, 3 Cal.4th at p. 469.) Having included a clause mandating Texas law would govern disputes involving their agreement, it only stands to reason the parties also intended the clause providing "exclusive venue" in Texas to be mandatory to the exclusion of any other forum.**[6]**

___

amicably settled without court action shall be litigated either in a state court for Ingham County, Michigan, or in the U.S. District Court for the Western District of Michigan.'"].)

**[6]** To support the conclusion that the clause at issue is mandatory, respondent and the trial court cited *Lifeco Services Corp. v. Superior Court* (1990) 222 Cal.App.3d 331, but we find the case inapposite. The issue in that case was whether substantial evidence supported the trial court's conclusion that enforcement of the forum selection clause was unreasonable after the petitioner had filed a previous action in California. (*Id.* at pp. 334-337.) The court did note in passing the parties' agreements "contained clauses mandating exclusive venue in Texas as the forum for all disputes arising under these documents" (*id.*

Because the forum selection clause is mandatory, it is "'presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case.' [Citations.]" (*Trident, supra*, 200 Cal.App.4th at p. 154.) Thus, appellants must show Texas "would be unavailable or unable to accomplish substantial justice or that no rational basis exists for the choice of forum. [Citations.] Neither inconvenience nor the additional expense of litigating in the selected forum is a factor to be considered. [Citations.] However, a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state. [Citations.]" (*Intershop, supra*, 104 Cal.App.4th at pp. 199-200, citing, inter alia, *Smith, Valentino & Smith, Inc., supra*, 17 Cal.3d at pp. 496-497 (*Smith Valentino*).)

The trial court found the enforcement of the forum selection clause reasonable: "Plaintiffs contend that enforcement of the forum selection clause would be unreasonable because Texas might not have jurisdiction over this matter and because 'virtually all of the evidence, persons and businesses involved in this case exist outside of Texas.' Plaintiffs concede in the complaint that Defendant is a Texas corporation and that the agreement provides for exclusive venue in Texas. Plaintiffs fail to explain why these facts would be insufficient to confer jurisdiction in Texas. Moreover, the Texas court can make that determination. With respect to Plaintiffs' second argument, it is well settled that inconvenience is not a factor in the test of unreasonability. [Citation.]"

Appellants reiterate their jurisdiction and inconvenience arguments on appeal, but the trial court properly rejected them. Appellants argue Texas is an "unavailable" forum because "it is doubtful whether Texas could obtain jurisdiction over the dispute," but they cite no legal authority to support this assertion. They also argue "[t]he facts arose out of a transaction with a California business, with all California witnesses," but as the trial court correctly noted, "[n]either inconvenience nor the additional expense of litigating in

at p. 333), but did not quote the contract language or otherwise explain why it was mandatory.

8

the selected forum is a factor to be considered." (*Intershop, supra*, 104 Cal.App.4th at p. 199.)

Appellants also contend Texas lacks "some rational basis in light of the facts underlying the transaction" (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1679) because "[v]irtually all of the evidence, persons and businesses involved in this case exist outside of Texas, except for [respondent]." Setting aside the fact that appellants cited nothing in the record to support this assertion, respondent is a Texas corporation, so a rational basis exists for selecting Texas as the exclusive forum. (Cf. *Nedlloyds, supra*, 3 Cal.4th at p. 467 ["[T]he presence of two Hong Kong corporations as parties also provides a 'reasonable basis' for a contractual provision requiring application of Hong Kong Law. 'If one of the parties resides in the chosen state, the parties have a reasonable basis for their choice.'"].) As the court in *CQL Original Products* reasoned, a plaintiff agreeing to litigate disputes in the home forum of the defendant has "inferentially recogniz[ed]" litigating the dispute in the distant forum "was a part of the price of doing business with [the defendant]." (*CQL Original Products, supra*, 39 Cal.App.4th at p. 1355.) Indeed, "'a party which has contracted away its right to choose its home forum (as well as all the concomitant conveniences of a home forum) has . . . done so because the value it receives from the negotiated deal is worth the chance the party may be required to litigate disputes elsewhere.' [Citation.]" (*Ibid.*) The trial court therefore did not abuse its discretion in finding enforcement of the parties' forum selection clause reasonable and staying the case pending appellants filing the case in Texas.[7]

---

[7] Appellants separately argue respondent waived any objection over personal jurisdiction by filing a motion for relief from default and a demurrer. In the trial court, appellants raised the issue of personal jurisdiction in conjunction with respondent's motion to quash service, which the trial court denied. To the extent appellants' argument relates to the forum issue, we need not address it because, even if the trial court had personal jurisdiction over respondent, it retained "discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum."

**DISPOSITION**

The order granting a motion to dismiss and staying the case pending appellants' filing suit in Texas is affirmed.  Respondent is awarded costs on appeal.


                                                    FLIER, J.

WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.

---

(*Smith Valentino, supra*, 17 Cal.3d at p. 495; see *Global Packaging, supra*, 196 Cal.App.4th at pp. 1631-1632.)