Filed 6/12/24  Sanchez v. Robbins CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EDWARD SANCHEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHUCK ROBBINS et al.,<br><br>    Defendants and Respondents. | H050521<br>(Santa Clara County<br>Super. Ct. No. 20CV370823) |

Plaintiff Edward Sanchez brought a shareholder derivative suit against executives and board members (collectively, defendants) of Cisco Systems, Inc. (Cisco), alleging breach of fiduciary duty and unjust enrichment related to an alleged failure to promote racial and ethnic diversity in the corporation.  After plaintiff sued, Cisco's shareholders voted to reincorporate the corporation from California to Delaware.  A corporate bylaw adopted after reincorporation requires derivative actions brought on behalf of Cisco to be filed in Delaware's Court of Chancery.  The trial court granted defendants' motion to dismiss plaintiff's action based on the forum selection bylaw.  Finding no abuse of discretion, we will affirm the order dismissing the action.

## I.    TRIAL COURT PROCEEDINGS

Plaintiff commenced a shareholder derivative complaint against defendants in September 2020.  At the time, Cisco was a California corporation with its headquarters in San Jose, California.  The complaint alleges plaintiff is a resident of California who owns Cisco stock.  The complaint alleges defendants breached their fiduciary duties by, among

other things, concealing Cisco's lack of racial and ethnic diversity, and not creating "any meaningful racial and ethnic diversity at the very top of the Company." It is undisputed that there was no forum selection bylaw when plaintiff sued.

Cisco's board of directors voted to reincorporate Cisco as a Delaware corporation in October 2020, subject to shareholder approval. Among other topics in the proxy statement made available to shareholders before the reincorporation vote, shareholders were informed that one element of the new Delaware corporation's bylaws would be an "exclusive forum provision" under which the "federal district[] courts of the United States and Delaware courts [would be] the exclusive forum for the adjudication of certain legal actions." The statement explained that "the exclusive forum provision in the Delaware Bylaws will reduce the risk that we could become subject to duplicative litigation in multiple forums, as well as the risk that the outcome of cases in multiple forums could be inconsistent."

Defendants removed the case to federal court in November 2020.[1] The district court judge found that the case was related to another case, *City of Pontiac General Employees' Retirement System v. Bush* (N.D. Cal., No. 20-cv-06651-JST).

Cisco's shareholders overwhelmingly approved the reincorporation in December 2020. New corporate bylaws were adopted as part of the reincorporation. One of those bylaws is a forum selection clause, which reads in relevant part: "Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware, to the fullest extent permitted by law, shall be the sole and exclusive forum for: (a) any derivative action or proceeding brought on behalf of the Corporation; [and] (b) any action asserting a claim of breach of a fiduciary duty owed by, or other

---

[1] Defendants' unopposed request for judicial notice of two federal court filings is granted. (Evid. Code, § 452, subd. (d).) Plaintiff's unopposed request for judicial notice of one federal court filing and excerpts from a United States Securities and Exchange Commission filing by Cisco is granted. (Evid. Code, § 452, subds. (d), (h).)

wrongdoing by, any director, officer, stockholder, employee or agent of the Corporation to the Corporation or the Corporation's stockholders." (Bold omitted.)

The district court dismissed the related federal case (*City of Pontiac General Employees' Retirement System v. Bush* (N.D. Cal., Mar. 1, 2022, No. 20-CV-06651-JST) 2022 U.S. Dist. LEXIS 85731) and remanded this action to state court. (*Sanchez v. Cisco Sys., Inc.* (N.D. Cal., Mar. 8, 2022, No. 20-cv-07728-JST) 2022 U.S. Dist. LEXIS 243514.) Defendants demurred and moved to dismiss the complaint, arguing among other things that the forum selection bylaw required that plaintiff's claims be litigated in Delaware. The trial court granted the motion to dismiss, finding that enforcing the clause would not be unfair or unreasonable.

## II. DISCUSSION

### A. FORUM SELECTION ENFORCEMENT IN CALIFORNIA

The proper procedure to enforce a contractual forum selection clause in California is a motion to dismiss under Code of Civil Procedure section 410.30, subdivision (a). (*Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 703 (*Drulias*); Code Civ. Proc., § 410.30, subd. (a) ["When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."].) If applying the clause in a specific case would be "unfair or unreasonable," a trial court has discretion to deny the motion. (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358 (*Berg*).)

Appellate authorities differ about the standard of review that applies to a trial court's order granting a motion to dismiss based on a forum selection clause—substantial evidence, abuse of discretion, or a combination of those standards. (*Drulias*, *supra*, 30 Cal.App.5th at p. 704 [noting split]; see also *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 493 [concluding the "trial court acted within its discretion" in enforcing a forum selection clause].) Consistent with the Supreme Court's

3

suggestion in *Smith* as to the proper standard, we will review the trial court's decision here for abuse of discretion. "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 (*Connolly*).)

*Drulias* also discussed legal principles that apply to this appeal. (*Drulias*, *supra*, 30 Cal.App.5th 696.) Drulias was a shareholder in a Delaware corporation whose board of directors approved a merger agreement with another corporation and at the same time adopted a forum selection bylaw, requiring claims to be adjudicated in Delaware. After the forum selection bylaw was adopted, Drulias sued the corporation and its directors in California alleging breach of fiduciary duty related to the merger. (*Id.* at p. 700.) The California court stayed the action under Code of Civil Procedure section 410.30. (*Drulias.* at p. 702.)

On appeal, it was undisputed that Delaware law governed the validity of the forum selection bylaw. (*Drulias*, *supra*, 30 Cal.App.5th at p. 702.) *Drulias* noted that unilaterally adopted forum selection bylaws are facially valid under Delaware law. (*Ibid.*, citing *Boilermakers Local 154 Retirement Fund v. Chevron Corp.* (Del. Ch. 2013) 73 A.3d 934, 953–954 (*Boilermakers*).) The court interpreted Corporations Code section 2116 (codifying the internal affairs doctrine) and determined that section "does not deprive a court of the discretion to decline to exercise its jurisdiction over an action involving the internal affairs of a foreign corporation where that action would be more appropriately and justly tried elsewhere." (*Drulias*, at p. 706.) Having concluded that enforcing the forum selection bylaw would not impair Drulias's statutory rights or violate California public policy, the court then considered whether the trial court had properly enforced the bylaw in Drulias's case. (*Id.* at p. 707.)

The reviewing court rejected the three arguments raised by Drulias. First, the court rejected the argument that a forum selection clause had to be freely negotiated to be

4

enforceable. (*Drulias*, *supra*, 30 Cal.App.5th at pp. 707–708.) The court noted that a forum selection clause in an adhesion contract is enforceable except where it is outside the reasonable expectations of the weaker party or where enforcement would be unduly oppressive or unconscionable. The court reasoned that the Delaware forum selection bylaw would be consistent with reasonable expectations when Drulias chose to purchase stock in a Delaware corporation. (*Id.* at p. 708 ["Drulias consented to the board's unilateral adoption of corporate bylaws by purchasing stock"]; citing *Boilermakers*, *supra*, 73 A.3d at p. 956.) Second, the court rejected the argument that a unilaterally adopted forum selection bylaw cannot be retroactively applied to litigation about conduct that occurred before the bylaw was adopted. The court noted other courts "have concluded that there is nothing inherently unreasonable about enforcing a forum selection bylaw adopted after the alleged wrongdoing." (*Drulias*, at p. 709; citing *City of Providence v. First Citizens BancShares, Inc.* (Del. Ch. 2014) 99 A.3d 229, 241 (*City of Providence*) [rejecting argument that bylaw could not be enforced because it sought "to regulate the forum for asserting claims that arose before it was adopted"], superseded on other grounds by statute, 8 Del. C. § 115.) The court found Drulias had not demonstrated that the bylaw was adopted for any reason other than to consolidate merger-related litigation into a single forum. It also distinguished California cases Drulias cited about unilaterally adopted arbitration clauses, reasoning that they interpreted California rather than Delaware law. (*Drulias*, at p. 710, fn. 7.) Third, the court rejected Drulias's argument—based on *Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147 (*Trident Labs*)—that the defendants had waived the forum selection provision by defending the action in California court. (*Drulias*, at p. 710.) The court concluded that the defendants in *Drulias* had not engaged in the same level of litigation activity as the defendants in *Trident Labs*, who extensively litigated the action in California. (*Drulias*, at p. 711.)

5

**B. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION**

We acknowledge that *Drulias* is factually distinguishable from the instant case in significant respects: the defendant in *Drulias* was a Delaware corporation at all pertinent times, whereas here Cisco was a California corporation when plaintiff purchased stock and when he commenced suit. And the forum selection bylaw at issue in *Drulias* was adopted before Drulias sued, whereas here defendants adopted the forum selection bylaw only after plaintiff sued. But those distinctions do not make defendants' forum selection bylaw unenforceable as a matter of law. Under Delaware law, a unilaterally adopted forum selection bylaw can be applied retroactively. (*Drulias*, *supra*, 30 Cal.App.5th at p. 709; *City of Providence*, *supra*, 99 A.3d at p. 241.) Plaintiff does not persuasively explain why that reasoning cannot also apply to litigation filed before the bylaw was adopted.

Plaintiff has not established an abuse of discretion in enforcing the forum selection bylaw. The trial court noted there was no indication the bylaw was adopted in response to plaintiff's litigation. Instead, it was adopted as part of Cisco's reincorporation as a Delaware corporation. The proxy statement provided to shareholders before the reincorporation vote informed them that one element of the new Delaware bylaws would be an "exclusive forum provision" under which the "federal district[] courts of the United States and Delaware courts [would be] the exclusive forum for the adjudication of certain legal actions." The shareholders overwhelmingly approved reincorporation, by extension approving the forum selection bylaw. The trial court also saw no indication the Delaware Chancery Court would be unable to resolve plaintiff's fiduciary breach claims. Although a different trial court presented with these facts could have reached a different conclusion, plaintiff has not demonstrated that the trial court's decision "exceeded the bounds of reason, all of the circumstances before it being considered." (*Connolly*, *supra*, 23 Cal.3d at p. 598.)

6

Plaintiff would attack the validity of the reincorporation vote itself, arguing that the proxy statement was misleading because it did not advise shareholders of plaintiff's lawsuit and "did *not* advise shareholders of any intent to use the newly-adopted forum bylaw to move to dismiss Plaintiff's already-pending California state court action in favor of Delaware." Plaintiff forfeited that argument by not raising it in the trial court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591.) Further, plaintiff points to no law requiring a proxy statement to contain that level of specificity. The trial court was thus presented with a Delaware corporation's valid forum selection bylaw. Enforceability of the forum selection bylaw was governed by Delaware law, and the trial court had discretion to not enforce it if plaintiff demonstrated enforcement would be unfair or unreasonable. (*Berg*, *supra*, 61 Cal.App.4th at p. 358.)

That the enforceability of the forum selection bylaw is governed by Delaware law distinguishes cases plaintiff cites that were decided under California law: *Cobb v. Ironwood Country Club* (2015) 233 Cal.App.4th 960 and *Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50. Those cases applied California law to determine that unilaterally adopted mandatory arbitration clauses approved while litigation was pending were unenforceable as violating the implied covenant of good faith and fair dealing. (*Cobb*, at pp. 964–966 [country club bylaw]; *Avery*, at pp. 61–62 [employee handbook].) Forum selection bylaws have been found retroactively enforceable under Delaware law, albeit in cases where the relevant amendment occurred before litigation had commenced. (See *Drulias*, *supra*, 30 Cal.App.5th at p. 710, fn. 7; citing *City of Providence*, *supra*, 99 A.3d at p. 241.)

As we have noted, a "forum selection clause contained in a contract of adhesion, and thus not the subject of bargaining, is 'enforceable absent a showing that it was outside the reasonable expectations of the weaker or adhering party or that enforcement would be unduly oppressive or unconscionable.' " (*Drulias*, *supra*, 30 Cal.App.5th at p. 708.) Plaintiff argues the forum selection bylaw is inconsistent with his reasonable

7

expectations in purchasing Cisco stock because at that time Cisco was a California corporation. But the forum selection bylaw cannot be considered in isolation. Cisco shareholders, including plaintiff, had the opportunity to vote on whether to reincorporate in Delaware and were informed that the Delaware forum selection bylaw would be adopted as part of the reincorporation. Shareholder participation in the decision to adopt the forum selection bylaw distinguishes cases involving wholly unilaterally adopted adhesion contracts.

Plaintiff contends the trial court must be reversed because under the trial court's reasoning nothing "would stop a company from unilaterally adopting a forum bylaw any time it is sued in a forum that it does not like," or "from litigating a lawsuit in the forum of its choosing and then, if it is losing, unilaterally adopting a forum bylaw and moving to dismiss on that basis[.]" Plaintiff's concerns ignore the discretion vested in trial courts case-by-case to deny a motion to dismiss if applying a forum selection clause in a specific case would be "unfair or unreasonable." (*Berg*, *supra*, 61 Cal.App.4th at p. 358.) We are unconvinced by plaintiff's speculation that "there is reason to believe that the forum bylaw was adopted specifically to target" his action, because he presented no evidence that adoption of the Delaware forum selection bylaw had anything to do with his lawsuit.

As in *Drulias*, plaintiff here argues that enforcing the forum selection bylaw is unreasonable as a matter of law because defendants "chose to 'extensively litigate' the merits of [p]laintiff's claims, first by filing a comprehensive motion to dismiss in federal court (which made no mention of the forum bylaw) and then filing and fully briefing a comprehensive demurrer in the court below." (Quoting *Trident Labs*, *supra*, 200 Cal.App.4th at p. 157.) Also as in *Drulias*, *Trident Labs* is distinguishable from the litigation here. The financial institution defendant in *Trident Labs* "extensively litigate[d] in the original forum by filing a cross-complaint, conducting substantial discovery, and filing motions seeking relief from the forum court" before seeking to enforce the forum

8

selection clause. (*Ibid.*) By contrast here, defendants conducted no discovery, did not file a cross-complaint, and asserted the forum selection bylaw in their first responsive pleading after the case was remanded from federal court. (Accord, *Drulias*, *supra*, 30 Cal.App.5th at p. 711.)

Because we find dismissal based on the forum selection bylaw was not an abuse of discretion, we need not reach defendants' argument that plaintiff's action was precluded by res judicata.

## III. DISPOSITION

The order dismissing the action is affirmed. Each party shall bear its own costs in the interest of justice.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H050521**
*Sanchez v. Robbins et al.*